■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD MANIPOLE, Appellant.—Judgment unanimously affirmed. Memorandum: On appeal from a jury verdict convicting him of criminal possession of a controlled substance in the fourth degree, defendant contends that the police illegally stopped the vehicle in which he was a passenger, that the prosecutor should not have charged the Grand Jury regarding the "automobile" presumption (see, Penal Law § 220.25 [1]), that the trial court failed to charge that accomplice testimony must be corroborated and that the circumstantial evidence charge was improper. None of those contentions requires reversal. The People's case at trial did not rely upon the statutory presumption. Rather, the People relied upon the testimony of defendant's accomplice that defendant possessed cocaine and the corroborative testimony of the police officers who observed defendant's actions. Defendant's contention that the vehicle was illegally stopped was not preserved for review (see, CPL 470.05 [2]), and because the evidence of defendant's guilt was overwhelming, any error was harmless (see, People v Crimmins, 36 NY2d 230, 242). (Appeal from Judgment of Supreme Court, Onondaga County, Gorman, J.—Criminal Possession Controlled Substance, 4th Degree.) Present—Denman, P. J., Green, Balio, Boehm and Fallon, JJ.